Nott, J.
delivered the opinion of the Court.
Judge Blackstone, speaking on this subject, says bills of exchange are foreign, when they are drawn by a person residing abroad, upon his correspondent in England, or vice versa; and inland, when both the drawer and drawee reside in the kingdom. 2 Blackst. 467. Another writer on the same subject says, foreign bills are those which pass from one country to another: inland, those which pass between persons residing in the same country. Kid. In further illustration of the subject, the same writer observes, that in Italy, Germany, and France, where the trading cities, though included within the limits of an extended government, were in effect under the distinct jurisdiction of sovereignties independent of each other, bills passing between them are considered as foreign bills. Sovereignty or jurisdiction over the subject appears to be the criterion by which to determine the character of the instrument. Previous to the adoption of our present constitution, the several States must have been considered separate and independent sovereign-ties. The old articles of confederation ex vi termine, were nothing more than a league or treaty, .by which so many sovereign and independent States h*d agreed to act together for certain specific purposes; and although under our present *102 constitution they have assumed somewhat more of a consolidated form of government as to certain national objects; yet, as to all objects of internal their individual sovereignty remains unimpaired. It would seem correct, therefore, to consider bills between the several States as foreign. They have all the characteristics of foreign bills. They are usually sent in sets.- Exchange is allowed on them; and unless a protest is to be received as evidence of non-acceptance, the difficulty of proving the fact would very much obstruct that kind of intercourse between the States. For, except the distance, it would not be less difficult to procure evidence of such a fact from New-York than London. However they may have been considered in other States, there has never been but one opinion on the subject in this State. Indeed the principle was considered so well settled, that on the trial, until a different opinion was found important to the event of the cause, the counsel concurred that there could be no doubt about it. And it cannot be expected that we should vary our practice, and change our opinions, with the varying and conflicting decisions of other States. If, then, this is to be considered a foreign bill, a protest for non-acceptance is indispensably necessary, and cannot be supplied by the oath of the party, by witnesses, or any other way. Indeed, it is said to be apart of the constitution of a foreign bill. Chitty, 169, 157. But on this point also, it appears different *103 opinions have been entertained in the United States. 3 Dallas, 365. Brown vs. Barry. Do. 415. Clarke vs. Russell. In the first of those cases, Chief Justice Ellsworth says, that ordinarily, in an action on a bill of exchange against the drawer for non-payment, a protest for non-acceptance need not be produced. That opinion, however, seems to be bottomed on a custom of the' merchants in the United States, and authorizes the inference, that that learned Judge was of opinion the custom of the merchants in England was otherwise. But no such custom has prevailed among the merchants in this State. The English law has been received here in its full extent, until it may now be considered as constituting a part of the common law of this State. Indeed, by the 7th section of the statute of 3d and 4th Anne, c. 9th, which is of force in this State, it is declared, that if any person doth accept any such bill of exchange, for and in satisfaction of any former debt, or sum of money formerly due unto him, the same shall be accounted and esteemed a full and complete payment of such debt, if such person accepting any such bill for his debt, does not take his due course to obtain payment thereof, by endeavouring to get the same accepted and paid, and make his protest as aforesaid, either for non-acceptance or non-payment thereof. If any doubt can be supposed to exist, with regard to the construction of this statute, (and I am not aware of any,) it must *104 be considered as removed by the uniform practice of our Courts, and the universally received opinions of the bar. Being satisfied with vthe on this ground, it is unnecessary to give any opinion on the other points in the case. The motion for a new trial must be refused.
Gadsden for the motion.
Richardson, contra.